IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE THE APPLICATION OF

JEAN KARIM,
        PLAINTIFF / PETITIONER,

v.

REBECCA NAKATO,
        DEFENDANT / RESPONDENT.

C.A. No.

## VERIFIED COMPLAINT AND PETITION FOR RETURN OF THE MINOR CHILD

Plaintiff / Petitioner, Jean Karim ("Petitioner"), respectfully states as follows:

### INTRODUCTION

1. This action is brought by the Petitioner, a British citizen, to secure the return of his daughter, M███ K███ ("child"), born ███████, 2014, age seven (7) who was wrongfully taken from her home in the United Kingdom, and retained in Massachusetts by the child's mother, the Defendant / Respondent, Rebecca Nakato ("Respondent").

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 49 (reprinted at 51 Fed. Reg. 10494 (Mar. 26, 1986), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601 – 11610 (2011). The Hague Convention came into effect in the United States of America on July 1, 1998, and the United Kingdom is amongst the Contracting States. See Hague Convention attached hereto as Exhibit A.

3. The objects of the Hague Convention include: (a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the

1

other Contracting States. Id. The Hague Convention provides authority to a federal district court to determine the merits of a claim for the wrongful retention or removal of a child.

## JURISDICTION AND VENUE

4. This action is brought pursuant to the original jurisdiction conferred on this Court under 42 U.S.C. § 11603(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper under 42 U.S.C. § 11603 and 28 U.S.C. § 1391(b) because, on information and belief, the child and the Respondent reside in Woburn, Middlesex County, Massachusetts.

## FACTS

6. The parties were married on September 12, 2013. See copy of marriage certificate attached as Exhibit B.

7. The child was born to the parties on ▉▉▉▉▉ 2014, and is presently seven (7) years old. See copy of birth certificate attached hereto as Exhibit C.

8. Petitioner and the child are both British citizens; at the time of the child's birth, the parties were temporarily in the Netherlands for Petitioner's work. The parties and the child returned to the United Kingdom on or about September 13, 2014, when the child was just under nine (9) months old.

9. From September 2014 through September 2020, when the child was wrongfully removed and retained by Respondent, the parties were residing together with the child as a family, and exercising joint custody of the child in the United Kingdom.

10. Prior to the child's wrongful removal and retention, the child previously attended school at Lime Academy Parnell in Peterborough, England, United Kingdom. <u>See</u> letter from headteacher attached hereto as <u>Exhibit D</u>.

11. On Tuesday, September 1, 2020, Petitioner received a text message from Respondent stating that she had moved out of the marital home located in Peterborough, England, United Kingdom, with the child, she was moving to Derby, a town approximately seventy-four (74) miles from the marital home, and the child would begin school in Derby that upcoming Friday, September 4, 2020.

12. Respondent refused to allow Petitioner to see or speak to the child, despite repeated requests.

13. On or about September 8, 2020, Petitioner received a call from the child's prior school, Lime Academy Parnell, stating that they had not been informed by Respondent that the child would not be returning to the school for the school year, and that she was not registered in any other school in the country.

14. At that point, Petitioner became concerned that Respondent had, or was planning to, abduct the child and remove her from the United Kingdom as she was not enrolled in school in Derby as Respondent previously stated, or at any other school in the country; Petitioner immediately contacted the police.

15. Despite repeated pleas to, and contact with, the police, the police told Petitioner that they had no reason to believe that Respondent had left the United Kingdom with the child, that they would not be treating Respondent or the child as missing, and they did not have any criminal offenses to investigate.

16. On or about January 3, 2021, Petitioner was informed by a friend that they had seen pictures of the child on social media in the United States, specifically in Massachusetts.

17. On or about January 20, 2021, Respondent contacted Petitioner via the internet and requested money. Respondent refused to tell Petitioner where she and the child were residing, and refused to allow the Petitioner to speak to the child. Petitioner told Respondent that he did not consent to her removing the child from the United Kingdom.

18. Upon information and belief in or about September 2020, without Petitioner's knowledge or consent, Respondent removed the child from the United Kingdom, and entered the United States by way of Aruba.

19. Petitioner has not seen or spoken to the child since September 2020, one (1) year ago.

20. Both prior to arriving in the United States and continuing thereafter, Respondent undertook a course of action to prevent Petitioner from learning the precise whereabouts of the child and from having regular contact with her.

21. Respondent has wrongfully retained the child in the United States, over Petitioner's objection, and in violation of the laws of the United Kingdom.

22. On information and belief, the child is currently residing with Respondent at 200 Bedford Road, Apt. 14F, Woburn, Middlesex County, Massachusetts.

23. On or about January 14, 2021, Petitioner filed an application under the Hague Convention through the International Child Abduction & Contact Unit, with additional information provided thereafter, requesting the return of the minor child to the United Kingdom. See a copy of said application and additional information attached hereto as Exhibit E.

### WRONGFUL RETENTION OF MINOR CHILD BY THE RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

24. As set forth above, on or about September 2020, Respondent wrongfully retained the minor child under Article 3 of the Hague Convention and continues to wrongfully retain the minor child in the Commonwealth of Massachusetts, United States, in violation of Article 3, despite Petitioner's efforts to have the child returned to the United Kingdom.

25. Article 3 of the Hague Convention provides that the retention of a child is considered wrongful where (a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was a habitual resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

26. Respondent's retention of the child is in violation of Petitioner's right as joint custodian to determine the minor child's place of residence. See Hague Convention, Art. 5(a) (defining "rights and custody" to include "rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence").

27. At the time of the child's retention in the United States, Petitioner was exercising his rights of custody within the meaning of Articles 3 and 5 of the Hague Convention. But for Respondent's removal and retention of the child, Petitioner would have continued to exercise those rights. The child resided with the parties in the United Kingdom within the meaning of Article 3 of the Hague Convention until in or about September 2020. Petitioner continued to consistently exercise his rights of custody until the day Respondent removed the child from him in the United Kingdom.

28. The child is presently seven (7) years old. The Hague Convention is applicable to children under the age of sixteen (16).

29. Petitioner has never acquiesced or consented to Respondent's permanent retention of the child in the United States, or to her living outside of the United Kingdom.

30. Petitioner is able to provide care for the child in the United Kingdom.

## PROVISIONAL REMEDIES
### (42 U.S.C. § 11604 AND HAGUE CONVENTION, ARTICLE 16)

31. Petitioner requests that this Court issue an immediate order restraining Respondent from removing the child from the jurisdiction of this Court, and a warrant seeking immediate physical custody of the child, directing any United States Marshal or other law enforcement officer to bring the child before this Court. Petitioner further requests that this Court schedule an expedited hearing on the merits of the within Petition.

## NOTICE OF HEARING
### (42 U.S.C. § 11603(c))

32. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## REQUESTS FOR RELIEF

WHEREFORE, Petitioner, Jean Karim, respectfully requests that this Court:

1. Enter an immediate temporary restraining order prohibiting the removal of the child from the jurisdiction of this Court pending a hearing on the merits of the within Verified Complaint, and further provide that no person acting in concert or participating with Respondent shall take any action to remove the child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

2.  The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint; an Order that Respondent show cause at said hearing as to why the child should not be returned to the United Kingdom, and why such other relief requested in the Verified Complaint should not be granted; and pursuant to the Federal Rule of Civil Procedure 65, an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

3.  Enter judgment declaring and adjudicating that the child shall be returned to the United Kingdom, where an appropriate custody determination can be made by a British Court under British law;

4.  Order Respondent to pay Petitioner's expenses and costs, including transportation costs, under 42 U.S.C. § 11607; and

5.  Grant such further and additional relief as this Honorable Court deems just and proper, including an award of costs and attorneys' fees incurred in this action.

                                      Respectfully submitted.
                                      **JEAN KARIM**
                                      By his attorneys,

Dated: September 3, 2021                 /s/ Elizabeth G. Crowley
                                      Elizabeth G. Crowley, BBO #663470
                                      *ecrowley@burnslev.com*
                                      Burns & Levinson LLP
                                      125 Summer Street
                                      Boston, MA 02110
                                      Tel: (617) 345-3000
                                      Fax: (617) 345-3299

## VERIFICATION

Under the penalties of perjury, I declare that I have read the above Verified Complaint and Petition for Return of the Minor Child, and the facts alleged are true, to the best of my knowledge and belief.

Executed this ___ day of September, 2021.

_____
JEAN KARIM